IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kenneth D. Townsend, | ) |
| *Plaintiff,* | ) ) ) ) ) |
| -*vs*- | ) No. 18-cv-8274 ) |
| Thomas Dart, Sheriff of Cook County and Cook County, Illinois, | ) Chief Judge Pallmeyer ) ) ) |
| *Defendants.* | ) ) ) |

## AMENDED COMPLAINT

Pursuant to leave of Court, Plaintiff Kenneth D. Townsend, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Plaintiff Kenneth D. Townsend is an inmate at the Cook County Jail assigned booking number 2015-1022163.

3. Under Illinois law, the Cook County Sheriff operates the Cook County Jail. Defendant Sheriff of Cook County is sued in his official capacity.

4. Defendants Sheriff of Cook County and Cook County are responsible for the medical needs of detainees at the Cook County Jail.

5. Defendant Cook County controls the budget for the Cook County Jail, provides dental services for persons in the custody of the Jail, and is a necessary party to this action.

6.   There are six dental clinics at the Cook County Jail. Defendants are aware from *Smentek v. Sheriff of Cook County*, 09-cv-529, that seven dentists are necessary to adequately staff the dental clinics to treat urgent dental complaints.

7.   Since at least July 3, 2018, defendants have been on notice that the Jail is not adequately staffed to treat urgent dental complaints. On this date, Dr. Fauzia Khan e-mailed Cook County's Director of Oral Health Dr. Jorelle Alexander, "If there is a huge demand for care here in Div 8 with only 1 dr and 1 asst and scheduled allotted days for the divisions; then realistically, how can the standard of care be provided in a timely manner ?? It's impossible."

8.   On September 15, 2017, Dr. Fauzia Khan, a dentist assigned to the RTU dental clinic, evaluated plaintiff and documented he would return to the clinic for an extraction of an abscess on tooth #16. There is no record that plaintiff was scheduled for extraction following the September 15, 2017 encounter.

9.   The Seventh Circuit explained in *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015), "[a]ny minimally competent dentist who knows that a patient has reported an abscess also knows that if the report is correct the patient needs prompt medical treatment" and "[b]ecause bacteria in an abscessed tooth can spread to other vital organs and even cause death, prompt treatment is imperative."

10. An extraction is the only treatment available at the Jail for an abscess of tooth #16 because root canals and crowns, another form of treatment, are not offered.

11. Plaintiff returned to Dr. Khan's RTU dental clinic on June 25, 2019. Dr. Khan once again documented that plaintiff had an abscess on tooth #16. At this point, however, Dr. Khan was unable to treat plaintiff because her privileges to extract teeth was suspended in April 2019 when the Jail's Dental Director found she engaged in negligent performance and willful misconduct. Dr. Khan entered a referral for plaintiff to be treated by OMFS at Stroger on September 24, 2019 since the Jail did not have a dentist available to treat plaintiff.

12. In addition to tooth #16, plaintiff Townsend has experienced significant delays with having other painful teeth extracted which has caused him to experience gratuitous pain. In the past month, for example, plaintiff has submitted several health service requests forms seeking treatment for significant dental pain but has not been evaluated by a dentist because his current housing division, Division 6, does not have an assigned dentist. Since approximately January 1, 2019, the Jail has been unable to staff a dentist in the Division 5 and Division 6 dental clinics.

13. In addition to gross deficiencies in staffing, at all times relevant there have been systemic deficiencies with the scheduling of inmates for dental appointments that render dental treatment constitutionally inadequate for all inmates with serious dental ailments. Each clinic's dental assistant has complete responsibility to schedule patients for treatment. The dental assistants have no

oversight by the clinic's assigned dentist. Routinely, the dental assistants refuse to schedule patients, tell the correctional staff not to bring patients to the clinic, and dictate to the dentist which patients will be treated. It is documented that dental assistants are verbally abusive to staff at the Jail and patients and even threaten dentists with physical force.

14. Since at least July 27, 2017, defendants have been on notice the scheduling practices, particularly delegating scheduling decisions to dental assistants, are a barrier to timely care. In an e-mail, Dr. Fauzia Khan acknowledged to Dr. Jorelle Alexander that dental assistants control scheduling, explaining that she has "never ever interfered or given input with scheduling requests. I was told that the assistants had full autonomy over the scheduling and I went along with it."

15. Defendants Dart and Cook County are aware that hundreds of patients at the Jail suffer gratuitous dental pain because there are insufficient dentists to treat the demand and because of the policy to delegate oversight of the dental clinic to the dental assistant.

16. As a direct and proximate result of defendants' failure to correct this obvious defect in the policy of scheduling patients for dental care and the inadequate staffing, plaintiff experienced and continues to experience gratuitous pain and incurred personal injuries and is deprived of rights secured by the Fourth and Fourteenth Amendment to the Constitution of the United States.

17. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that the Court fashion appropriate prospective relief, award appropriate compensatory damages against defendants and that the costs of this action, including attorney's fees, be taxed against Cook County.

        /s/  <u>Patrick W. Morrissey</u>
            ARDC No. 6309730
            Thomas G. Morrissey, Ltd.
            10150 S. Western Ave., Ste. Rear
            Chicago, Illinois 60643
            patrickmorrissey1920@gmail.com
            (773) 233-7900